MICHELE BECKWITH
Acting United States Attorney
ARIN C. HEINZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HENRY TORRES,<br>THOMAS DOVER, AND<br>DUSTIN PHAPHON<br><br>Defendants. | CASE NO. 1:24-CR-000306-JLT-SKO<br><br>STIPULATION AND ORDER REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendants, by and through their counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a status conference on June 18, 2025.

2. By this stipulation, defendant now moves to continue the status conference and to exclude time between June 18, 2025, and November 5, 2025, pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government provided initial discovery to the defense counsel for Torres on January 10, 2025, and defense counsel for Dover on January 8, 2025. The discovery in this case

1

is extensive and voluminous because it involves a lengthy investigation and the interception of multiple phones via wire and electronic intercepts for a period of 60 days. Specifically, the FBI initially intercepted two phone lines via electronic and wire communications for a period of 30 days and then extended to six phone lines for 30 days. Additionally, the FBI began investigating Henry Torres since May of 2023 and did numerous controlled purchases with him prior to beginning the wire interceptions. Therefore, the discovery also consists of numerous FBI investigation and surveillance reports as many warrants authored during the investigation. Additional discovery has been provided to the defendants as it is received by the Government in this case.

     b)     A federal grand jury returned a superseding indictment for the defendants in this case on April 22, 2025. Torres now stands charged of ten counts in the superseding indictment; Dover remains charged with two counts; Phaphon was added as a co-defendant and is charged with one count. One co-defendant has not been apprehended yet. Phaphon was arraigned on the superseding indictment on April 22, 2025; Torres and Dover were arraigned on April 28, 2025.

     c)     The discovery is voluminous in this case, and the defense counsel is continuing to investigate the evidence. Accordingly, defense counsel requires more time to fully review it and conduct their own investigation.

     d)     Additionally, the Government and defense require additional time to discuss potential resolution of the case. The Government has engaged in general plea discussions with counsel for Phaphon and Dover but requires additional time to ascertain whether this case can be resolved via a plea or needs to be set for trial.

     e)     For Torres, his counsel was recently appointed to become a Superior Court Judge and therefore will be transitioning her cases to a new defense attorney. The new attorney will require time to review the evidence and conduct their own investigation after taking on the case, particularly since the evidence against Torres is more voluminous than the other co-defendants.

     f)     The request for November 5, 2025, also takes into account conflicts from the defense attorneys and government counsel. Counsel for both sides are involved in other matters and have trials or extensive arbitrations docketed that will occupy substantial portions of

counsels' time.

g) The defendants therefore ask the Court to vacate the scheduled status conference on June 18, 2025, exclude time between June 18, 2025, and November 5, 2025, to account for time to conduct their own investigation, discuss potential resolution of the case via a plea agreement, and determine if this case needs to be set for trial, taking into account the exercise of due diligence.

h) The government does not object to the continuance.

i) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendants in a trial within the original date prescribed by the Speedy Trial Act.

j) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of June 18, 2025 to November 5, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv), because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: June 10, 2025                MICHELE BECKWITH
                                    Acting United States Attorney

                                    /s/ ARIN C. HEINZ
                                    ARIN C. HEINZ
                                    Assistant United States Attorney

Dated: June 10, 2025                /s/ MARSHALL HODGKINS
                                    MARSHALL HODGKINS
                                    Counsel for Defendant
                                    THOMAS DOVER

Dated: June 10, 2025                              /s/ MELISSA BALOIAN
                                                  MELISSA BALOIAN
                                                  Counsel for Defendant
                                                  HENRY TORRES


Dated: June 10, 2025                              /s/ JOHN GARLAND
                                                  JOHN GARLAND
                                                  Counsel for Defendant
                                                  DUSTIN PHAPHON

**ORDER**

    IT IS SO ORDERED.

DATED:  6/11/2025

*Sheila K. Oberto*
Sheila K. Oberto
U.S. Magistrate Judge